UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ROYAL ALLIANCE ASSOCIATES, INC.,
SECURITIES LITIGATION                                                              MDL No. 2337

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendants in nine declaratory judgment actions seek centralization of this litigation, which is pending in four districts as listed on Schedule A, in the Eastern District of Pennsylvania. All cases now before us are nearly identical – Royal Alliance seeks to enjoin arbitrations before the Financial Industry Regulatory Authority (FINRA) regarding the alleged sale of unregistered securities (in the form of an international currency hedge fund known as the Draseena funds) to defendants by purported Royal Alliance agents operating from a Royal Alliance branch office located in Newtown, Pennsylvania.

Plaintiff in all actions, Royal Alliance Assocs., Inc. (Royal Alliance), opposes centralization and argues that, *inter alia*, the facts surrounding each defendant's purchase are likely to vary in material respects and that centralization is unnecessary, given that the few counsel involved in the litigation are already working together cooperatively. We respectfully disagree. While we applaud any cooperative efforts undertaken by counsel, the potential for eliminating duplicative discovery and related motion practice, as well as the chance to conserve judicial resources (with a single judge, rather than five judges in four districts) all weigh in favor of centralization. Centralization will place all related actions before a single judge who can: (1) allow discovery with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues, *In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004); and (2) ensure that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We further note that the Panel has previously centralized actions seeking to compel arbitration. *See In re: Cintas Corp. Overtime Pay Arbitration Litig.*, 444 F.Supp.2d 1353, 1354-55 (J.P.M.L. 2006) (centralizing 70 actions containing motions to compel arbitration with an earlier filed, significantly advanced collective action).

Considering all these factors, the papers filed and hearing session held, we find that these nine actions involve common questions of fact, and that centralization in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions can be expected to share facts regarding the circumstances surrounding the sale of the investments and defendants' losses in this alleged Ponzi scheme. Despite the relatively small number of parties and actions in this litigation, efficiencies can be gained from having the actions proceed

---

[*] Judges John G. Heyburn II and Marjorie O. Rendell did not participate in the decision of this matter.

- 2 -

in a single district. Discovery into the sales at issue, as well as Royal Alliance's operation and supervision of its Newtown, Pennsylvania branch office, may be necessary across the nine actions, and centralization will eliminate duplicative discovery and prevent inconsistent pretrial rulings.

We are persuaded that the Eastern District of Pennsylvania is an appropriate transferee forum for this litigation. Five actions are pending in this district, and defendants in six actions reportedly reside in Pennsylvania. The district has a nexus to the allegations given the location of Royal Alliance's branch office in Newtown, Pennsylvania, where significant events occurred and where relevant documents and witnesses (including the purported Royal Alliance agents who sold the investments purchased by defendants) likely will be found.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Juan R. Sanchez for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.      Barbara S. Jones
Paul J. Barbadoro           Charles R. Breyer

**IN RE: ROYAL ALLIANCE ASSOCIATES, INC.,
SECURITIES LITIGATION** MDL No. 2337

## SCHEDULE A

<u>District of Delaware</u>

Royal Alliance Associates, Inc. v. Jacqueline Eisenberg, C.A. No. 1:11-01223

<u>Southern District of Florida</u>

Royal Alliance Associates, Inc. v. Charles L. Bakes, C.A. No. 9:11-81345
Royal Alliance Associates, Inc. v. Gerald Seegers, C.A. No. 9:11-81358

<u>Middle District of North Carolina</u>

Royal Alliance Associates, Inc. v. Scott Mandelsohn, et al., C.A. No. 1:11-01116

<u>Eastern District of Pennsylvania</u>

Royal Alliance Associates, Inc. v. Dennis J. McFadden, Sr., et al., C.A. No. 2:11-07606
Royal Alliance Associates, Inc. v. Dennis J. McFadden, Sr., et al., C.A. No. 2:11-07607
Royal Alliance Associates, Inc. v. Irving Teller, C.A. No. 2:11-07608
Royal Alliance Associates, Inc. v. Craig Forchetti, C.A. No. 2:11-07609
Royal Alliance Associates, Inc. v. Ken Greenwood, Inc., et al., C.A. No. 2:11-07610